940 F.2d 663
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hamad HAIDAR, Defendant-Appellant.
 Nos. 90-1630, 90-2274.
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1991.
 
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and WEBER, District Judge.*
 PER CURIAM.
 
 
 1
 We have before us two appeals from defendant, Hamad Haidar. The first is a direct appeal from the application of the sentencing guidelines to his sentence, and the other is from the denial of his 28 U.S.C. Sec. 2255 motion to vacate his sentence.
 
 
 2
 In the second appeal, defendant disputes the district court's disposition of his claims that he was denied the foreign language interpreter to which he was entitled under 28 U.S.C. Sec. 1827, and was denied the effective assistance of counsel. In a thorough and well-reasoned opinion dated November 7, 1990, the district court rejected these contentions. We agree with and adopt the reasoning found in that opinion.
 
 
 3
 In the direct appeal from the sentence he received, defendant contends that the district court erred in calculating his offense level, and in refusing to grant him a two-point reduction for being a minor participant.
 
 
 4
 The trial judge, after reviewing the evidence, concluded that defendant was involved with enough cocaine to push his offense level to twenty-six, and that in view of his involvement, he could not be said to have played a minor role in distributing the cocaine. In making this factual determination, the trial court was required to weigh the evidence and to make credibility assessments. We will not disturb factual determinations made in the context of sentencing unless the court's findings are clearly erroneous. United States v. Walton, 908 F.2d 1289, 1301 (6th Cir.), cert. denied, 111 S.Ct. 273 (1990). Because those findings are not clearly erroneous, we affirm the sentence.
 
 
 5
 The government notes that defendant received a downward departure which resulted in a sentence within the guideline range requested by defendant. Under those circumstances, asserts the government, defendant is unable to appeal his sentence. See United States v. Draper, 888 F.2d 1100, 1105 (6th Cir.1989). Because we have already determined that defendant's sentence was proper, and we need not reach the question raised by the government in order to resolve this appeal, we shall not do so.
 
 
 6
 The orders of the district court giving rise to both appeals are affirmed.
 
 
 
 *
 The Honorable Herman J. Weber, United States District Judge from the Southern District of Ohio, sitting by designation